UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRENDA COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-78-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Plaintiff, Brenda Combs, brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security (Commissioner) denying Combs's application for disability insurance benefits (DIB). The Court, having reviewed the record and for the reasons set forth herein, will deny Combs's Motion for Summary Judgment [R. 10] and grant the Commissioner's [R. 11].

**I.**

Combs filed an application for DBI on February 2, 2009. [Transcript (Tr.) 10.] She alleges a disability beginning on January 26, 2009, due to migraines, a bulging disc, and lower back pain. [Tr. 28.] Combs's application was denied initially [Tr. 87] and upon reconsideration [Tr. 91]. Subsequently, at Combs's request, an administrative hearing was conducted before Administrative Law Judge Katherine D. Wisz (ALJ) on May 25, 2010. [Tr. 23-47.] During the hearing, the ALJ heard testimony from Combs and vocational expert (VE) Linda Tabor [Tr. 43]. Combs, who was forty-four years old at the time of the hearing, is a high school graduate. [Tr.

1

4.] Combs has past relevant work experience, but the VE testified that she could no longer perform that work, and the ALJ accepted that testimony. [Tr. 15.]

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Combs has not engaged in substantial gainful activity since the date she applied for benefits. [Tr. 12.]  At Step 2, the ALJ found that Combs's medically determinable impairments—"degenerative disc disease resulting in disc protrusion . . . and disc bulging," "a congenital disc fusion," and migraines—satisfied the standards set forth in

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

2

20 C.F.R. § 404.1520(c). [Tr. 12.] At Step 3, the ALJ found that Combs's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. § 404.1520(d), 404.1525, or 404.1526). [Tr. 13.] At Step 4, the ALJ determined that Combs possessed the residual functional capacity (RFC) to perform work, subject to several limitations. [*See id.*]

Thus, at the fifth step, "the burden shift[ed] to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones*, 336 F.3d at 474. Here, the ALJ concluded that there were a significant number of jobs in the economy that Combs could perform. [Tr. 15-16.] Accordingly, on July 27, 2010, the ALJ issued an unfavorable decision, finding that Combs was not disabled, and therefore, not eligible for DIB. [Tr. 17.] The Appeals Council declined to review the ALJ's decision [Tr. 1], and Combs now seeks judicial review in this Court.

## II.

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

### A.

Combs's first and second arguments on appeal focus on the ALJ's decision regarding Combs's treating physician's opinion. [R. 10, Ex. 1 at 2.]  Combs first argues that appropriate weight was not given to the treating physician's opinion by the ALJ.  Second, Combs contends that the ALJ failed to offer sufficient justification for not wholly accepting the physician's opinion.

The Regulations provide a framework for the evaluation of treating source opinion evidence:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

4

20 C.F.R. § 404.1527(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing Regulation).

As mandated by 20 C.F.R. § 404.1527(b), the ALJ considered Dr. Chaney's diagnoses and opinions and clearly explained why he alternately adopted and rejected them. [Tr. 14] For instance, many of Chaney's limitations for Combs were adopted by the ALJ. [*C.f.* Tr. 738 and Tr. 14 (adopting Chaney's findings that Combs is unable to bend, squat, crawl, climb, etc.).] Additionally, the ALJ explicitly noted that Chaney's opinion was "granted the most weight" when Combs's RFC was determined. [Tr. 15.] When Chaney's suggested limitations were rejected, the ALJ explained that the extent to which Chaney limited Combs's activities neither aligned with his own observations of Combs's maladies nor those of Dr. Harshman. [Tr. 14] Combs's descriptions of some of the activities in which she engages further undermines the severe limitations Chaney set forth. [Tr. 14 citing Tr. 139-40.] *Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541 (6th Cir. 2004), requires reversal when a treating physician's opinion is ignored and no reasons for doing so are provided. *Id.* at 546; *see also Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007). But that is not the case here; Chaney's opinions were mostly accepted and reasons were given for the instances in which they were rejected.

Because the ALJ clearly articulated her reasons for weighting Dr. Chaney's opinions as she did, the procedural safeguards required by the regulations have been met here. *See, e.g.,*

5

*Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 470 (6th Cir. 2006) (noting that ALJ complied with procedural safeguards of § 404.1527 because he provided sufficient reasons for rejecting the opinions of the treating physicians); *Smith v. Comm'r of Soc. Sec*. 482 F.3d 873, 877 (6th Cir. 2007) (affirming ALJ decision not to give treating physician's opinion controlling weight where the opinions were "inconsistent with the overall evidence of record" as this was "a factual determination within his discretion under § 404.1527(d)(2)"). Thus, after reviewing the record, the Court finds that the ALJ weighted Chaney's opinion satisfactorily and offered sufficient justification when his opinion was not relied upon. Consequently, the ALJ's decision must stand because the evidence reasonably supports her conclusion. *See Her*, 203 F.3d at 389-90; *Casey*, 987 F.2d at 1233.

**B.**

Combs's third argument is that the ALJ failed to consider her limitations cumulatively, choosing instead, to look at each impairment individually. "In reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523). Here, there is no evidence in the record suggesting that the ALJ did anything other than just that. The ALJ noted her duty to determine whether Combs has a "medically determinable impairment that is 'severe' *or a combination of impairments* that is 'severe' within the meaning of the Regulations." [Tr. 11 (emphasis added).] The ALJ further determined that Combs does not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments." [Tr. 13.] Although the ALJ wrote about the impairments separately when explaining whether they

6

met one of the listed impairments, [Tr. 13] it is obvious that she considered both conditions in concert when determining Combs's RFC, as that reflects limitations stemming from each identified condition. [*See* Tr. 14-15.] Thus, the ALJ's decision is not lacking in substantial evidence for failure to consider the combined or cumulative effect of Combs's impairments.

### C.

With regard to Combs's fourth claim, she asserts that the ALJ did not consider the durational requirement of substantial gainful activity in reaching a decision. Specifically, Combs argues that the ALJ did not recognize that the ability to engage in substantial gainful activity means more than just the ability to find a job and physically perform it; it also means the ability to hold the job for a significant period of time. Combs cites a Ninth Circuit decision, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), in support of this argument.

In *Gatliff*, however, it was undisputed that the claimant had a work history showing that he could only hold a job for a period of about two months. *Id*. at 692. It was also undisputed that this pattern would continue. *Id.* The Ninth Circuit held that "[*w*]*here it is established* that the claimant can hold a job for only a short period of time, the claimant is not capable of substantial gainful activity." *Id.* at 694 (emphasis added). Here, there is no work history suggesting that Combs is incapable of sustained employment. Dr. Chaney opines that Combs might have to miss four or more days of work as a result of her ailments. [Tr. 738.] This, however, is disputed as the ALJ explains that the observed medical signs do not support the limitations Chaney suggests. [R. 14.] The VE testified that, in light of the ALJ's determination about Combs's limitations, Combs would not be prevented from holding a job for a significant period of time. [Tr. 46.] Accordingly, the ALJ's determination that Combs is not disabled is supported by substantial evidence.

7

### D.

Combs's final claim[2] is that no reasonable person could conclude that she is not disabled. The Court has already addressed Combs's argument about Chaney's opinions and how those were weighted and analyzed by the ALJ.  Ultimately, the ALJ adopted many of Chaney's observations about Combs's physical problems, but the ALJ disagreed with the intensity, persistence, and limiting effects of those problems. [Tr. 13.]  Upon review of the record, the Court cannot find that the ALJ's weighing of the evidence is improperly supported.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     Plaintiff's Motion for Summary Judgment [R. 10] is **DENIED**;

(2)     Defendant's Motion for Summary Judgment [R. 11] is **GRANTED**; and,

(3)     **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 29th day of March, 2012.



---

[2] The Commissioner's Motion analyzes two issues—the ALJ made an improper credibility determination [R. 11 at 10] and the hypothetical question was not supported by substantial evidence [*Id.* at 15]—that Combs did not explicitly include in her "Issues Presented" section.  Combs only made passing reference to both of those issues and failed to cite any portion of the record that supported her position.  In addition to the fact that the Commissioner's brief sufficiently explains why substantial evidence supports the ALJ's decision, the Sixth Circuit held in *Gragg v. Kentucky Cabinet for Workforce Development*, 289 F.3d 958, 963 (6th Cir. 2002) and *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997), that courts are not required to "consider issues that have not been fully developed by the briefs." *McPherson*, 125 F.3d at 995.  Accordingly, the Court declines to further analyze these issues.

8